UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH RANDOLPH,

      Plaintiff,

v.                               CASE No. 8:10-CV-2657-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his

claims for Social Security disability benefits and supplemental security

income payments.[1]  Because the decision of the Commissioner of Social

Security is supported by substantial evidence and does not contain reversible

error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the

administrative hearing and who has an eighth grade education, has been

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 17).

employed as a construction worker, a kitchen helper, an order puller, a car wash attendant, a cement mason, and a forklift operator (Tr. 151, 225, 845-47). He filed claims for Social Security disability benefits and supplemental security income payments.[2]

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "history of substance abuse, history of hepatitis C and a depressive disorder" (Tr. 19). He concluded that, with these impairments, the plaintiff can perform a range of light work (id.). Specifically, the law judge found (id.):

> [T]he claimant can lift and carry 20 pounds occasionally and 10 pounds frequently and he can sit, stand and walk 6 hours in an 8 hour workday. The claimant can frequently (up to two-thirds of the workday) climb stairs and ramps, balance, kneel and crawl and occasionally (up to one-third of the workday) stoop and crouch. He is never to climb ladders, ropes and scaffolds. He should avoid complex and detailed job tasks as opposed to simple repetitive job tasks.

---

[2]At the administrative hearing, the plaintiff amended his onset date from January 30, 2005, to December 18, 2004, which was the day after a law judge ruled against him on prior claims (Tr. 16, 843-44). The plaintiff sought review in this court of the previous decision, but the decision was affirmed (Tr. 30-44).

The law judge determined that the plaintiff could return to his past work as a car wash attendant (Tr. 23). Alternatively, the law judge decided, based upon testimony from the vocational expert, that the plaintiff could perform other jobs that existed in significant numbers in the national economy, such as small parts assembler, merchandise marker, and office helper (Tr. 24). Accordingly, the law judge ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant

is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). Moreover, in this case, the plaintiff must show that he became disabled before his insured status expired on March 31, 2006, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental

abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If a claimant's impairments are not severe, then the claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

## III.

The plaintiff challenges the law judge's decision on four grounds. None of those arguments warrants reversal of the law judge's decision. In addition, the plaintiff contends that the Appeals Council erred in denying his request for review. That contention also fails.

A. The plaintiff's first issue states that "[t]he ALJ erred by finding that the Plaintiff had past relevant work as a car wash attendant as the job did not appear to have been performed at a substantial gainful activity level" (Doc. 25, p. 6). This contention lacks merit.

To qualify as past relevant work, the work must have been done (1) within the last fifteen years, (2) long enough for the plaintiff to learn to do it, and (3) at a level constituting substantial gainful activity. See Vaughn v. Heckler. 727 F.2d 1040, 1042 (11th Cir. 1984); 20 C.F.R. 404.1565(a), 416.965(a). Additionally, the regulations provide that work activity will be considered substantial gainful activity if the monthly average of the earnings exceeds a certain amount. 20 C.F.R. 404.1574(b), 416.974(b). A plaintiff's work is presumed to be substantial gainful activity if the earnings averaged more than $500 a month from January 1990 through June 1999. 20 C.F.R. 404.1574(b)(2), 416.974(b)(2).[3]

In this case, the plaintiff performed the past relevant work of car wash attendant in 1996, earning a total of $2,036.87 for that position (Tr. 93, 110). The plaintiff asserts that, "[i]t is apparent, based on these earnings, the

_____

[3] The plaintiff states that the earnings average for substantial gainful activity must be more than $300 after 1979 and before 1990; however, the plaintiff performed the work of car wash attendant in 1996 (Tr. 93, 110).

Plaintiff either did not perform the job long enough to constitute a successful work attempt or that the job was performed only part-time or intermittently, and his earnings were not high enough to constitute substantial gainful activity" (Doc. 25, p. 6). This speculation is insufficient to overturn the law judge's finding that car wash attendant was past relevant work.

In the first place, the criterion is not whether the plaintiff performed the job long enough to constitute a successful work attempt, but whether he performed it long enough to learn it. The Dictionary of Occupational Tables ("DOT") states that the specific vocational preparation for the job of car wash attendant is "[a]nything beyond short demonstration up to and including 1 month." 1991 WL 687869 (G.P.O.). Obviously, the plaintiff worked at the job for more than one month since he would not have been paid more than $2,000 per month. Thus, he worked at the job long enough to learn it.

Moreover, the law judge could reasonably conclude that the job amounted to substantial gainful activity. Thus, the law judge could infer, based upon the plaintiff's heavy drug use and upon the fact that the plaintiff had two other jobs in 1996 (Tr. 93), that the car wash attendant job did not last longer than four months. Based upon that inference, the law judge, under

-8-

the regulations, could presume that the job was substantial gainful activity because monthly earnings averaged more than $500. There is no evidence in the record that contradicts this conclusion.

Importantly, the plaintiff has the burden at step four of the sequential analysis to show that he cannot return to prior work. <u>Doughty</u> v. <u>Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has presented no evidence indicating that he did not perform the job long enough to learn it, or that it did not amount to substantial gainful activity. Thus, the law judge's finding that the job of car wash attendant was past relevant work will stand.

B. The plaintiff also asserts, as issue four, that "[t]he ALJ erred by finding that the Plaintiff could perform past relevant work as an automatic car wash attendant as this finding was not supported by the substantial evidence" (Doc. 25, p. 12). The plaintiff has failed to carry the burden to show that he cannot return to prior work. <u>Doughty</u> v. <u>Apfel</u>, <u>supra</u>.

The plaintiff argues that the "ALJ implicitly found that the Plaintiff would only be able to stand and/or walk 6 hours in an 8 hour workday, and needed to sit for several hours" (Doc. 25, p. 12). He then points out that the vocational expert testified that, under this circumstance, the

plaintiff could not perform the car wash attendant job because sitting is not permitted in that job (Tr. 867).

This argument is flawed, however, because the law judge did not implicitly find that the plaintiff could not stand or walk for more than six hours, and had to sit the remainder of the time. While the law judge said in the residual functional capacity determination and in the operative hypothetical question that the plaintiff can sit, stand, or walk six hours in an eight-hour workday (Tr. 19, 864), he was simply stating the minimum criteria for the ability to perform light work. He was not, as he did with other limitations in the residual functional capacity (see Tr. 19), setting forth the plaintiff's maximum capabilities. That is reflected in the law judge's challenge to the plaintiff's attorney of "[w]here do you get that two hour sitting, must sit limitation?", to which the attorney replied that it was based on the claimant's subjective complaints and not based on any records (Tr. 868). Notably, the law judge discounted the plaintiff's subjective complaints (Tr. 22), and that credibility determination has not been challenged.

Moreover, the plaintiff predicates the purported implicit finding of a six-hour limitation of standing and walking upon the fact that the law judge stated an alternative finding that the plaintiff could perform certain jobs

in the national economy that allowed for sitting. However, that finding is simply what the law judge said it was: an alternative finding. The law judge's primary finding was that the plaintiff could return to prior work as a car wash attendant. It is common for a law judge to make an alternate finding, and the fact that the law judge did so in this case did not contradict his primary finding. Rather, it merely indicates that, assuming arguendo, that the plaintiff was limited in his standing and walking, there were other jobs in the national economy that the plaintiff could perform.

Furthermore, contrary to the plaintiff's assertion that the law judge implicitly found that the plaintiff could not stand or walk for more than six hours, the law judge, if anything, implicitly found that there was no such limitation. Thus, in the face of the vocational expert's testimony that the plaintiff could not return to the job of car wash attendant if he had a limitation to six hours of standing or walking, the law judge found that the plaintiff could perform that job. The clear implication is that the plaintiff had no walking or standing limitation.

The implicit finding that the plaintiff had no standing or walking limitation is consistent with the vocational expert's testimony and supports the law judge's finding that the plaintiff could perform past work of a car

wash attendant. In contrast, the plaintiff's proposed implicit finding of a limitation in standing and walking is based on an invalid premise and assumes that the law judge erred by rejecting or ignoring the vocational expert's testimony. In view of the deference that is due to the law judge's decision, this assumption is unreasonable and inappropriate.

The plaintiff contends also that there is not substantial evidence in the record to support the conclusion that he can stand or walk for an eight-hour workday. In this respect, the plaintiff asserts that he has severe impairments of "moderate limp gait, moderate toe walk difficulty and decreased range of motion of the hip joints" (Doc. 25, p. 12). However, as previously noted, the law judge found that the plaintiff's severe impairments only included "history of substance abuse, history of hepatitis C and a depressive disorder" (Tr. 19). This is consistent with what the plaintiff's attorney told the law judge in his opening statement. Thus, the attorney said that the plaintiff's physical conditions were hypertension and hepatitis C and "that he doesn't have any musculoskeletal problems that would keep him from standing for prolonged periods of time" (Tr. 844).

In accordance with this statement, the plaintiff did not testify to any physical problem except hepatitis C, and he said it was that condition that

limited his standing to twenty minutes (Tr. 858). The law judge expressly found that the plaintiff had overstated his symptoms from hepatitis C (Tr. 22). In support of that finding, the law judge noted that the plaintiff testified at the hearing that he probably could do yard work on a full-time basis (id.; see Tr. 861). As indicated, the plaintiff has not challenged the law judge's credibility determination.

Substantial evidence, therefore, supports the law judge's implicit finding that the plaintiff does not have any limitation in walking or standing. The only severe physical impairment that the plaintiff has is hepatitis C, and the law judge reasonably concluded that that condition did not limit the plaintiff's walking or standing. The plaintiff certainly has failed to demonstrate that the evidence compels a finding of limitations in standing or walking. See Adefemi v. Ashcroft, supra.

For these reasons, the law judge did not err in finding that the plaintiff would perform past work as a car wash attendant. This conclusion means that the finding of not disabled should be sustained.

C. In addition, the finding of not disabled is supported by the law judge's alternative finding, based upon the testimony of the vocational expert, that the plaintiff could perform other work which exists in significant

numbers in the national economy, including small parts assembler, merchandise marker, and office helper (Tr. 24). The plaintiff challenges this alternative finding on the grounds that he had mental limitations which precludes such work. This challenge is unpersuasive.

Specifically, the plaintiff argues that the law judge "erred by failing to find limitations as a result of the Plaintiff's impairments in social functioning as well as borderline intellectual functioning" (Doc. 25, p. 7). Significantly, the law judge considered the plaintiff's mental impairments and found that the plaintiff had a severe impairment of a depressive disorder (Tr. 19). Consequently, the law judge included in the plaintiff's residual functional capacity a limitation to simple repetitive job tasks.

In order to demonstrate reversible error based upon a mistake regarding borderline intellectual functioning and social functioning, the plaintiff must show that he had functional limitations from those conditions that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684,

690 (11ᵗʰ Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11ᵗʰ Cir. 1986). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11ᵗʰ Cir. 2005); McCruter v. Bowen, supra.

No doctor, psychologist, or mental health specialist has diagnosed the plaintiff with intellectual borderline functioning. Further, the plaintiff did not testify to suffering from such a condition. The allegation of borderline intellectual functioning comes from plaintiff's attorney based upon an IQ score of 73 on the BETA III test (Tr. 602). (The plaintiff also had a score of 76 on the Test of Non Verbal Intelligence (id.)). Under the circumstances, the law judge cannot be faulted because he did not address an impairment of intellectual borderline functioning.

Furthermore, the plaintiff's substantial work history refutes the suggestion that the plaintiff was not intellectually capable of performing the jobs identified by the vocational expert. Thus, his past work had the same, or greater, mental demands as the three types of jobs specified by the expert and found by the law judge as jobs that the plaintiff could perform (Tr. 225). In particular, the plaintiff was successfully trained to be a forklift operator

(Tr. 847), a job that has greater mental demands than the alternative ones found by the law judge.

In addition, even if the plaintiff could establish that he had an impairment of borderline intellectual functioning, in order to demonstrate reversible error he would also have to show that he had greater mental functional limitations than found by the law judge. As indicated, the law judge included in his determination of the plaintiff's residual functional capacity a limitation to simple repetitive job tasks. The plaintiff in his memorandum has not suggested any additional mental functional limitations that should have been included but were not.

Consequently, the law judge did not err with respect to a claim of borderline intellectual functioning. But even if he did, it would not amount to reversible error.

The plaintiff also argues that the law judge erred by failing to impose limitations regarding the plaintiff's social functioning. The law judge found that the plaintiff's mental status causes no more than mild to moderate difficulties in social functioning (Tr. 23). Plainly, the law judge thought that the plaintiff's mental condition was mild enough that it did not impose

significant functional limitations. This conclusion is supported by substantial evidence.

As the Commissioner notes, the plaintiff stated in a report that he spent time with others daily, attended church, and that he gets along with authority figures very well most of the time (Tr. 139-41). Further, he has a substantial work history (Tr. 225). In addition, a prison assessment from February 3, 2006, stated that his prison adjustment was good and that he had no disciplinary reports since March 20, 1995. Also, an assessment form of December 11, 2008, from a mental health provider noted that in the preceding year the plaintiff had had three sex partners, which is a circumstance that belies a claim of social withdrawal.

Notably, although the plaintiff asserts that the law judge should have found some functional limitations regarding social functioning, he does not suggest what those limitations should have been (Doc. 25, p. 9). He certainly has not pointed to any evidence in the record that compels a finding of specific functional limitations related to social functioning. Consequently, the plaintiff has failed to show that the law judge erred with respect to social functioning.

In any event, the Commissioner points out that, even if the law judge erred by not assessing limitations in social functioning, that error would be harmless (Doc. 27, pp. 11-12). As an alternative finding, the law judge determined that the plaintiff could perform the jobs of small parts assembler, merchandise marker, and office helper. The Commissioner notes that, according to the DOT, in those jobs a worker's interaction with people is "Not Significant" (id.). Accordingly, even if the plaintiff had some limitations in social functioning, that would not significantly interfere with his ability to perform the alternate types of jobs identified by the law judge.

D. Next, the plaintiff contends that the law judge erred by failing to comply with Social Security Ruling 00-4p ("SSR 00-4p"), 2000 WL 1898704 (Doc. 25, p. 10). That Social Security Ruling is designed to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by a vocational expert and information in the DOT. To this end, the Social Security Ruling states that "[w]hen a VE [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the DOT." 2000 WL 1898704 at *4. This contention is meritless for three reasons.

First, the record indicates that the law judge complied with SSR 00-4p. Specifically, the law judge inquired as to whether the vocational expert's testimony was consistent with the DOT (Tr. 870). In response, the vocational expert stated that his testimony was consistent with the DOT (id.; Tr. 24).

Second, even if the law judge failed to comply with SSR 00-4p, that would not warrant reversal. SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law. Miller v. Commissioner of Social Security, 246 Fed. Appx. 660 (11th Cir. 2007). Accordingly, a violation of that directive would not amount to reversible error.

Third, even assuming there is a conflict between the expert's testimony and the DOT, the expert's testimony would prevail. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Thus, the Eleventh Circuit has held that, where there is a conflict between the expert's testimony and a job description contained in the DOT, "the VE's testimony 'trumps' the DOT." Id.

The Commissioner notes, appropriately, that it appears that the plaintiff's "issue is not truly with the ALJ's compliance with SSR 00-4p but

rather with the ALJ's exclusion of [borderline intellectual functioning] from the hypothetical question" (Doc. 27, p. 18). The plaintiff argues that, had the law judge included borderline intellectual functioning in the hypothetical, the vocational expert "may have found that [the jobs of small parts assembler, officer helper, and merchandise marker] were not feasible" (Doc. 25, p. 11).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Ingram v. Commissioner of Social Security Admin., 496 F.3d 1253, 1270 (11th Cir. 2007), quoting Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the administrative law judge is not required to include restrictions in the hypothetical question that he properly finds are unsupported. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

As previously indicated, the law judge was reasonable under the circumstances in not finding that the plaintiff had an impairment of borderline intellectual functioning (Tr. 19). Moreover, the pertinent hypothetical question posed to the vocational expert (Tr. 864) contained a limitation to "a job not requiring [the plaintiff] to understand and remember detailed instructions, but he is able to understand, remember, and carry out simple

procedures and instructions and is able to adapt to a simple work history, setting" (id.). The plaintiff has not even suggested any additional mental functional limitations. Thus, the hypothetical question was not flawed.

E. Finally, the plaintiff, citing Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), asserts that the "Appeals Council erred by failing to remand [the] claim upon receipt of new and material evidence" (Doc. 25, p. 13). Falge, however, was essentially repudiated by Ingram v. Commissioner of Social Security Administration, supra, 496 F.3d at 1253. To the extent the plaintiff relies upon Falge to support a contention concerning the Appeals Council's obligation to consider new evidence, that contention is meritless since the Appeals Council expressly stated that it had considered the new evidence (Tr. 5-6).

The plaintiff has not mentioned Ingram nor made any attempt to show that he has made the showing required for a remand under that decision. In any event, a remand is not warranted.

The Eleventh Circuit sought to clarify in Ingram v. Commissioner of Social Security Administration, supra, the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, Ingram held that, when the

-21-

Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. See Tucker v. Astrue, 2008 WL 2811170 (M.D. Fla. 2008).

The plaintiff predicates his request for a remand upon an initial intake screening summary for the plaintiff prepared by the State of Florida Department of Corrections on July 7, 2009 (Tr. 835). This report indicates that the plaintiff was diagnosed with HIV six months previously and had a weight loss of forty-five pounds in the preceding seven months (id.). The plaintiff argues that, "[h]ad the ALJ had the medical documentation supporting Plaintiff's HIV condition, there is a reasonable probability the ALJ would have given greater weight to Plaintiff's complaints of fatigue" (Doc. 25, p. 13).

The Appeals Council, upon consideration of the additional evidence, said that "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 6). This determination supports the denial of review. Notably, the Appeals Council was not required to give any greater explanation. Mansfield v. Astrue, 395 Fed. Appx. 528, 530 (11th Cir. 2010).

Moreover, the Appeals Council had ample basis to discount this evidence. While the diagnosis of HIV was new, the claims of weight loss and fatigue were not. Thus, at the hearing the plaintiff claimed fatigue and weight loss, but attributed them to his hepatitis C (Tr. 844, 858-59). These claims were discounted by the law judge because, among other things, the plaintiff testified that he could probably do yard work on a full-time basis (Tr. 22). In light of this testimony, there is no reason to think that the law judge would change his decision just because the plaintiff has also been diagnosed with HIV. After all, as previously stated, it is not a diagnosis of an impairment, but the functional limitations from an impairment that are determinative in an evaluation of disability.

For these reasons, the Appeals Council did not err in concluding that the new records did not render the law judge's decision contrary to the weight of all the evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this

Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 14th day of

December, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE